UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

BRAD POLLACK, Individually and on Behalf of All Others Similarly Situated,

            Plaintiff,

vs.

JERNIGAN CAPITAL, INC., JOHN A. GOOD, MARK O. DECKER, JAMES DONDERO, HOWARD A. SILVER, HARRY J. THIE, AND REBECCA OWEN,

            Defendants.

Civil Action No: 1:20-cv-07160-ER

**CLASS ACTION**

------------------------------------------------------x

JOHN R. ERICKSON, Individually and on Behalf of All Others Similarly Situated,

            Plaintiff,

vs.

JERNIGAN CAPITAL, INC., JOHN A. GOOD, MARK O. DECKER, JAMES DONDERO, HOWARD A. SILVER, HARRY J. THIE, AND REBECCA OWEN,

            Defendants.

Civil Action No. 1:20-cv-09575-MKV

**CLASS ACTION**

------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF JOHN R. ERICKSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

## PRELIMINARY STATEMENT

Plaintiff John R. Erickson respectfully moves the Court for appointment as lead plaintiff, approval of his selected counsel as lead counsel, and consolidation of all related actions. This securities class action arises from materially false and misleading federal proxy filings in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the acquisition of Jernigan Capital, Inc. ("Jernigan" or the "Company").

The Court should appoint Mr. Erickson as lead plaintiff. Under the Private Securities Litigation Reform Act ("PSLRA") of 1995, the Court "shall appoint as lead plaintiff" the class member "most capable of adequately representing the interests" of other class members. 15 U.S.C. §78u-4(b)(1). The statute presumes that this "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" that otherwise makes a preliminary showing of adequacy and typicality under Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa)-(cc); *see also Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *6-*7 (S.D.N.Y. Oct. 14, 2015).

Plaintiff Erickson is the "most adequate plaintiff" and should be appointed as lead plaintiff. Mr. Erickson has the largest financial interest of any movant, his claims are typical, and he will adequately represent the interests of the class. Mr. Erickson has confirmed his commitment to serve as a class representative and has retained Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). Robbins Geller has extensive experience in complex securities litigation and class actions and the Court should approve Mr. Erickson's selection of counsel.

The Court should also consolidate all related securities class actions. There are presently two class actions before this Court asserting claims on behalf of Jernigan investors under Sections 14(a) and 20(a) of the Exchange Act against the same defendants and arising from the same transaction. The Court should consolidate these and any later-filed actions involving the same common questions of law and fact. *See* Fed. R. Civ. P. 42(a).

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

Jernigan is a real estate investment trust focused on the self-storage sector. This action arises from the acquisition of Jernigan by affiliates of NexPoint Advisors LP, which acquired all outstanding common shares of Jernigan for $17.30 per share (the "Merger") pursuant to the Company's materially false and misleading federal proxy filings. The Company announced the transaction on August 3, 2020; conducted the shareholder vote pursuant to the false and misleading proxy on October 26, 2020; and closed the transaction on November 6, 2020.

On September 2, 2020, plaintiff Brad Pollack filed the first class action complaint asserting claims under Sections 14(a) and 20(a) of the Exchange Act arising from the Jernigan transaction in this District, *Pollack v. Jernigan Capital, Inc., et al.*, No. 1:20-cv-07160. Consistent with the PSLRA, Mr. Pollack's counsel issued public notice announcing the action and informing class members of the November 16, 2020 deadline to seek lead plaintiff appointment in this Court. Ex. A; 15 U.S.C. §78U-4(a)(3)(A)(i).[1] On October 29, 2020, just ten business days before that deadline, Mr. Pollack filed a Notice of Voluntary Dismissal. That dismissal could not – and did not purport to – alter the statutory November 16, 2020 lead plaintiff motion deadline. On November 13, 2020, plaintiff Erickson filed the second securities class action complaint in this District concerning the Jernigan transaction, *Erickson v. Jernigan Capital, Inc., et al.*, No. 1:20-cv-09575.

**II.      ARGUMENT**

      **A.      Mr. Erickson Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The Court should appoint Mr. Erickson as lead plaintiff. The PSLRA provides that the Court should appoint as lead plaintiff the "most adequate plaintiff" – *i.e.*, the class member "most capable of adequately representing the interests of [the] class." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA

---

[1] References to "Ex. " refer to Exhibits to the Declaration of Noam Mandel, submitted herewith.

- 2 -

further establishes a rebuttable presumption that the "most adequate plaintiff" is the person that: (a) "filed the complaint or made a motion in response to a notice" advising members of the class of the pendency of an action, (b) "has the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Mr. Erickson satisfies each of these requirements and should be appointed as lead plaintiff.

### 1. Mr. Erickson Filed a Complaint and Timely Moved for Appointment as Lead Plaintiff

A lead plaintiff must either file a complaint or move for lead plaintiff appointment pursuant to the statutorily mandated notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). Mr. Erickson did both. The PSLRA provides that "[n]ot later than 20 days after the date on which the complaint is filed," a notice must be published "in a widely circulated national business-oriented publication or wire service . . . advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein . . ." and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the statutory notice was published on September 17, 2020. Ex. A. That notice advised class members of the pendency of the action and of their right to seek appointment as lead plaintiff within 60 days, by November 16, 2020. *Id*. Mr. Erickson filed a complaint on November 13, 2020 and timely moves to serve as lead plaintiff.

### 2. Mr. Erickson Has the Largest Financial Interest

In securities class actions asserting claims under Section 14(a) of the Exchange Act, "[t]he number of shares held" and eligible to be voted is the determining factor "in gauging the movants' financial interest." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009); *see also Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Resources, Inc.*, No. 19 Civ. 920 (LS), 2019 WL 10979860, at *1-*2 (Apr. 29, 2019).

- 3 -

As detailed in the certification submitted herewith, Mr. Erickson held 155,000 shares of Jernigan common stock as of the September 11, 2020 record date and at all relevant times thereafter. *See* Ex. B.  To Mr. Erickson's knowledge, no other movant has a larger financial interest and he should therefore be appointed lead plaintiff.

### 3. Mr. Erickson Satisfies the Typicality and Adequacy Requirements

The PSLRA also requires "a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met." *Villella*, 2015 WL 6029950, at *6; *see also Sallustro v. Cannavest Corp.*, 93 F.Supp.3d 265, 278 (S.D.N.Y. 2015) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").[2]

"The typicality requirement is satisfied when the class members' claims arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Villella*, 2015 WL 6029950, at *7.  Mr. Erickson's claims are typical of those of the class because, like all class members, he held Jernigan shares on the record date and his claims arise from defendants' materially misleading proxy statements in violation of Section 14(a) of the Exchange Act.

"The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Villella*, 2015 WL 6029950, at *7.  Mr. Erickson has selected competent, experienced, and qualified counsel in Robbins Geller; he is not aware of any

---

2   All internal citation and quotation marks are omitted herein.

- 4 -

conflicts of interest between himself and the other class members; and he has a substantial financial interest sufficient to ensure vigorous advocacy.

Mr. Erickson has therefore made the required preliminary showing of typicality and adequacy and should be appointed lead plaintiff.

### B. Mr. Erickson's Selection of Lead Counsel Should Be Approved

The Court should approve Mr. Erickson's selection of Robbins Geller as lead counsel. "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Sallustro*, 93 F.Supp.3d at 278.

Approval of Mr. Erickson's selection of Robbins Geller will best serve the class. Robbins Geller has extensive and recognized experience in litigating securities class actions. *See* Ex. C. Courts in this District and beyond have appointed Robbins Geller as lead counsel in numerous securities class actions. *See, e.g., Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *5 (S.D.N.Y. July 2, 2018 ) ("Robbins Geller has extensive experience in litigating shareholder class actions, and has been lead counsel in actions that have settled for hundreds of millions of dollars. It has the necessary experience to act as lead counsel, and its retention on behalf of the class in this case is approved."), *Villella*, 2015 WL 6029950, at *8 ("After reviewing [movant's submission] detailing Robbins Geller's track record, the Court, like many others in this Circuit before it, concludes that Robbins Geller is experienced in securities class action litigation and qualified to conduct this lawsuit.").

The Court should therefore approve Mr. Erickson's selection and appoint Robbins Geller as lead counsel.

### C. All Related Actions Should Be Consolidated

The Court should consolidate all related actions. "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42 (a). The PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed. 15 U.S.C. §78u-4(a)(3)(B)(ii). "[C]onsolidation is common in federal securities class actions." *Pinkowitz v. Elan Corp., PLC*, No. 02 Civ. 865 (WK), 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002). "Under Rule 42 and the Private Securities Litigation Reform Act (the 'PSLRA'), actions need not be identical to allow for consolidation." *Kux-Kardos v. Vimpelcom, Ltd.*, 151 F.Supp.3d 471, 474-75 (S.D.N.Y. 2016). Rather, "the court should look[ ] to the particular facts of cases to determine if the anticipated benefits of consolidated actions, such as considerations of judicial economy and unnecessary costs to the parties, outweigh potential prejudice to the parties." *Id.* at 475.

Here, the claims arise from materially misleading proxy filings concerning the same transaction (the Jernigan Merger) by the same defendants (Jernigan and its board members) in violation of Sections 14(a) and 20(a) of the Exchange Act. The Court should therefore grant Mr. Erickson's motion for consolidation. *See, e.g., Villella*, 2015 WL 6029950, at *4-*5 (consolidating securities class actions).

## III.   CONCLUSION

For the foregoing reasons, Mr. Erickson respectfully requests that the Court grant his motion for appointment as lead plaintiff, approve his selected counsel as lead counsel, and consolidate all related actions.

DATED:  November 16, 2020

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
DESIREE CUMMINGS


            */s/ Noam Mandel*
NOAM MANDEL

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/693-1058
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com

*Attorneys for Plaintiff and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I, Noam Mandel, hereby certify that on November 16, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



                                                   */s/ Noam Mandel*
                                                   NOAM MANDEL